1  DAN SIEGEL, SBN 56400          E-filing
   JOSE LUIS FUENTES, SBN 192236
2  SIEGEL & YEE
   499 14th Street, Suite 220
3  Oakland, CA 94612
   Telephone: (510) 839-1200
4  Facsimile: (510) 444-6698

5  Attorneys for Plaintiffs
   Jose Garcia, et al.,
6

7

**FILED**

OCT 1 3 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

8                  IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11 JOSE GARCIA, AMELIA MEDINA, DOROTEO
   GARCIA, LAURA PLUMMER, ARGELIO
12 CORDOVA, OSCAR ALONZO, and JOHN
   GRAY,
13
              Plaintiffs,
14
   v.
15
   SERVICE EMPLOYEES INTERNATIONAL
16 UNION, SERVICE EMPLOYEES
   INTERNATIONAL UNION LOCAL 1877, MIKE
17 GARCIA, VICTOR NARRO and ANDREW
   STERN
18
              Defendants.
19

20

**C09-04865** CRB

Case No.                          ADR

COMPLAINT

**JURY TRIAL DEMANDED**

21                          **INTRODUCTION**

22     1. This case is brought under sections 101 et seq. and 102 et seq. of the Labor Management

23 Reporting and Disclosure Act (LMRDA), 29 U.S.C. sec. 411(a)(1) and (a)(5), 412 and 529. Section

24
   411(a)(1) of the LMRDA provides labor union members equal right to participate in governing union
25
   matters, including but not limited to, the right to have votes implemented, the right to fair decision-
26
   making procedures, and the right not to exclude class members from participation in a vote.
27

1    Section 102 provides that "[a]ny person whose rights secured by the provisions of this

2    subchapter have been infringed by any violation of this subchapter may bring a civil action in a

3    district court of the United States for such relief (including injunctions) as may be appropriate."

4    Section 529 provides that union members may not be disciplined for exercising their right to speak

5

6    freely regarding union matters. In this case, Hector Rincon was fired because of perceptions that he

7    would oppose Mike Garcia and his slate in the October, 2009 elections. Also, after plaintiffs

8    submitted their nominations in opposition of the re-election of defendant Local 1877 President, Mike

9    Garcia, and his slate of candidates, plaintiffs were subjected to a discriminatory rule in that the rule

10   was not published and did not accurately divide situations that ought to be treated the same from

11   those that ought to be treated differently. The purpose of this rule to selectively apply a waiver of

12   good standing was to suppress dissent within the union and to prevent Local 1877 members from

13

14   removing the entrenched union officers in the upcoming election.

15   2. In this case, the Local 1877 Election Committee declared 13 union members[1], in addition to

16   some plaintiffs, ineligible to run for office because they were not in good standing or not enough

17   information was provided as to what office members were running for, or unable to determine name

18   of supporters to determine good standing. Plaintiffs have appealed the discipline to Local 1877 and

19   the International because Local 1877 and the International waived the good standing requirement for

20

21   these elections and plaintiffs complied with the requirements of the Local 1877 constitution and

22   bylaws when stating what office they sought in the nomination form. Plaintiffs have heard nothing

23   from Local 1877 or the International about their appeal.

24   3. This Complaint requests relief in the form of a temporary restraining order and/or

25

26   _____

27   [1] Juan Jose Morales, Luis Matos, Jose Luis Paz, Jose Salinas, Eduardo Fernandez, Silvestre Lucatero, Rafael Garcia, Marco Escalante, Julio Ramirez, Francisco Galeano, Edgar Fino, Rosalina Jimenez and Joel Vasquez.

1 preliminary injunction requiring the defendants to redo the nomination process and to cease violating

2 plaintiffs' equal right to participate in governing union matters, including but not limited to, the right

3 to have votes implemented, the right to fair decision-making procedures, and the right not to exclude

4 class members from participation in a vote under the LMRDA while this lawsuit is pending. As part

5
6 of this preliminary relief, the Court should simply stay the October 29, 2009 elections while this

7 lawsuit is pending and order defendants to comply with the LMRDA.

8      It is necessary for the Court to stay the election so that plaintiffs and all union members may

9 receive notice of the election in order to participate in governing union matters. Such relief is

10 necessary to stop the irreparable harm that is being done to plaintiffs and union members with respect

11 to their right as a member of Local 1877 to participate in union matters and to nominate and vote for

12 candidates of their choice, under the LMRDA.

13

14                                    **JURISDICTION AND VENUE**

15      4. This Court has subject matter jurisdiction over the plaintiffs' claims pursuant to 28

16 U.S.C. sec. 1331 and 29 U.S.C. secs. 411, 412, and 529.

17      5. This Court has venue under 28 U.S.C. sec. 1391(b) and 29 USC sec. 412 because the

18 alleged violation occurred in this district.

19

20                                            **PARTIES**

21      6. Plaintiff Jose Garcia is a resident of California. He is a member of Local 1877. He

22 was deemed to be ineligible to hold elected office because he stated he was running for the executive

23 board pursuant to Article 11 of Local 1877's constitution and bylaws by Victor Narro, chair of the

24 Election Committee appointed by Mike Garcia, incumbent president of Local 1877.

25      7. Plaintiff Hector Rincon is a resident of California. He is a member of Local 1877. He

26 was fired for the alleged perception of disloyalty to Mike Garcia.  He did not submit his nomination

27 for office in 2009 because he did not know that Mike Garcia had obtained a waiver of the 2 year good

1   standing requirement. Victor Narro, chair of the Election Committee appointed by Mike Garcia,

2   incumbent president of Local 1877, did not notify the Election Committee of the waiver.

3       8. Plaintiff Amelia Medina is a resident of California. She is a member of Local 1877. She

4   was deemed to be ineligible to hold elected office because she was 3 votes short of the 50 votes

5

6   required after 10 of her nominations were stricken by Victor Narro, chair of the Election Committee

7   appointed by Mike Garcia, incumbent president of Local 1877. Her nominations were stricken either

8   because the members were not in good standing or the name could not be easily identified.

9       9. Plaintiff Doroteo Garcia is a resident of California. He is a member of Local 1877. He

10  was deemed to be eligible to hold elected office but has been denied access to the member list with

11  the last known address 30 days prior to the election as required by the Local 1877 constitution and

12

13  bylaws, Article 11(C)(5) by Victor Narro, chair of the Election Committee appointed by Mike Garcia,

14  incumbent president of Local 1877.

15      10. Plaintiff Laura Plummer is a resident of California. She is a member of Local 1877. She

16  was deemed to be eligible to hold elected office but has been denied access to the member list with

17  the last known address 30 days prior to the election as required by the Local 1877 constitution and

18  bylaws, Article 11(C)(5) by Victor Narro, chair of the Election Committee appointed by Mike Garcia,

19  incumbent president of Local 1877.

20

21      11. Plaintiff Argelio Cordova is a resident of California. He is a member of Local 1877. He

22  was deemed to be ineligible to hold elected office because he stated he was running for the executive

23  board pursuant to Article 11 of the Local 1877 constitution and bylaws by Victor Narro, chair of the

24  Election Committee appointed by Mike Garcia, incumbent president of Local 1877.

25      12. Plaintiff Oscar Alonzo is a resident of California. He is a member of Local 1877. He

26  was deemed to be ineligible to hold the elected office of President because he did not have the 50

27  votes required after at least 48 of his nominations were stricken by Victor Narro, chair of the Election

Complaint - 4

1 | Committee appointed by Mike Garcia, incumbent president of Local 1877. His nominations were

2 | stricken either because the members were not in good standing or the name could not be easily

3 | identified.

4

5 | 13. Plaintiff John Gray is a resident of California. He is a member of Local 1877. He

6 | was deemed to be ineligible to hold elected office because he was not in good standing even though

7 | his employer automatically deducts his due payments. Victor Narro, chair of the Election Committee

8 | appointed by Mike Garcia, incumbent president of Local 1877, knew that the International President

9 | had waived the good standing requirement for this election.

10 | 14. Defendant SEIU is an international labor organization and has its principal

11 | headquarters in Washington, D.C.

12

13 | 15. Defendant Local 1877 is a local labor organization and is located in Oakland, California.

14 | 16. Defendant Mike Garcia is a resident of California. He is President of Local 1877.

15 | 17. Defendant Andrew Stern is the President of the International.

16 | 18. Defendant Victor Narro is a Resident of California. He is the Chair of the Election

17 | Committee for Local 1877.

18 | **FACTS**

19 | 19. On April 20, 2009, Hector Rincon was fired for allegedly "engaging in campaign

20

21 | activities against the incumbent administration" by Andrea Dehlendorf, who is running for 1st Vice

22 | President. Mr. Rincon did not submit a nomination for office because he believed he did not meet the

23 | good standing requirement. He would have submitted his nomination had he know the requirement

24 | was waived.

25 | 20. On July 21, 2009, President Andrew Stern approved a waiver to the good standing

26 | requirement as requested by Mike Garcia, President of Local 1877 for the 2009 elections.

27

1    21. Around July 27, 2009, Local 1877 did not mail out to all its members the Official Notice

2  of Nominations. The Official Notice of Nominations that were sent out to selected union members

3  did not make reference to the waiver of the good standing requirement, but instead required members

4  to be in good standing.

5

6    22. On September 11, 2009, members of the Election Committee found out from Victor

7  Narro for the first time the meaning of good standing. Mr. Narro announced that good standing for

8  candidates required them to be in good standing for 2 years. Good standing for members required

9  them to be in good standing for the month of July, 2009. Mr. Narro also announced that to be eligible

10  for a position on the executive board the candidate had to state the specific executive board position

11  being sought, even though the Local 1877 constitution and bylaws do not require a specific

12  designation.

13

14    23. On September 11, 2009, Mr. Narro disqualified at least 18 union members from running

15  against the entrenched slate of Mike Garcia.

16    24. On September 14, 2009, plaintiffs asked Mr. Narro to reconsider his decision. He did not

17  respond.

18    25. On September 23, 2009, plaintiffs appealed Mr. Narro's decision to Andrew Stern of the

19  International. He has not responded nor do plaintiffs believe he will respond as he is an entrenched

20  President who supports Mike Garcia and the Local 1877 entrenched administration.

21

22    26. Since at least October 9, 2009, plaintiffs Plummer and Doletero Garcia have been denied

23  access of the membership list with the last known address. They have been told they have to wait

24  until October 21, 2009, for a decision about the list. The election is set for October 29, 2009.

25    27. Further exhaustion of remedies in this matter would also be futile because plaintiffs

26  cannot recover the relief requested in this lawsuit (including timely injunctive relief, compensatory

27  and punitive damages, attorney's fees and other relief) through further internal union

Complaint - 6

1 | procedures.

2 | **IRREPARABLE INJURY**

3 | 28. By the acts set forth above, the defendants have suppressed dissent and opposition
4 |
5 | by plaintiffs and their supporters and have thereby violated various provisions of the LMRDA,
6 | including sections 411 et seq. for which injunctive relief is expressly provided as a remedy under
7 | LMRDA section 412.

8 | 29. This Complaint requests relief in the form of a temporary restraining order and/or
9 | preliminary injunction requiring the defendants to cease violating plaintiffs' and union members'
10 | equal right to participate in governing union matters, including but not limited to, the right to have
11 | votes implemented, the right to fair decision-making procedures, and the right not to exclude class
12 |
13 | members from participation in a vote under the LMRDA, while this lawsuit is pending and order
14 | defendants to comply with the LMRDA.

15 | 30. The foregoing violations are causing and will continue to cause irreparable harm to
16 | plaintiffs and to other union members by chilling their right to speak and to criticize and to act in
17 | concert to remove Mike Garcia and his slate from office in the upcoming election.

18 | 31. The foregoing violations have constituted a direct punishment for free speech, and
19 | demanding the right to have votes implemented, demanding the right to fair decision-making
20 |
21 | procedures, and demanding the right not to exclude class members from participation in a vote that is
22 | illegal under the LMRDA and has resulted in the removal of the leader of the opposition to Mike
23 | Garcia and his slate from meaningful, active political campaigning.

24 | 32. In granting preliminary relief, the Court should stay the October 29, 2009, election and
25 | order defendants to comply with the LMRDA as stated herein while this lawsuit is pending. It is
26 | necessary for the Court to stay the election immediately so that plaintiffs may speak and exercise
27 | their right to criticize and carry on their campaign for union office. In addition, such relief would

Complaint - 7

1  temporarily lift the restriction on the 18 union members' eligibility to hold office, including Hector

2  Rincon, and allow them to be placed on the ballot in an election to be held in three months.

3      33. Accordingly, this Court should issue preliminary injunctive relief in that (1) plaintiffs (and

4  other Local 1877 members) are suffering and will continue to suffer irreparable injury to their right to

5  vote, to speak, to assemble, and to be free from arbitrary discipline; (2) plaintiffs are likely to succeed

6

7  on the merits; (3) the defendants will suffer no injury from the issuance of a preliminary injunction

8  and; (4) the issuance of such a preliminary injunction is in the public interest.

9                          **Count I**

10                **(Violation of Plaintiff's Free Speech)**

11      34. Plaintiff incorporates the above paragraphs.

12

13      35. By the aforesaid acts, and by charging and disciplining plaintiffs and union members for

14  not being in good standing to vote, plaintiffs and union members have been punished for exercising

15  their right to free speech under the LMRDA. The defendants have deprived plaintiffs and every other

16  member of Local 1877 of the right to assemble and express their own views without interference and

17  reprisal, in violation of Section 411(a) (2) of the LMRDA.

18                          **Count II**

19                   **(Unlawful Union Discipline)**

20

21      36. Plaintiff incorporates the above paragraphs.

22      37. By the aforesaid acts, and by charging and disciplining plaintiffs and union members for

23  not being in good standing to vote, plaintiffs and union members have been punished for exercising

24  their right to free speech under the LMRDA. The defendants have deprived plaintiffs and their slate

25  of their right not to be disciplined for exercising their right to free speech, in violation of Section 529

26  of the LMRDA.

27

**Count III**

**(Safeguards Against Improper Union Discipline)**

38. Plaintiff incorporates the above paragraphs.

39. By the aforesaid acts, and by disciplining plaintiffs and union members without all of the safeguards required by section 411(a)(5) of the LMRDA, including not providing them a full and fair hearing, defendants have deprived union members of their rights in violation of Section 411(a)(5) of the LMRDA.

**Count IV**

**(Equal Rights to Participate in Governing)**

40. Plaintiff incorporates the above paragraphs.

41. By the aforesaid acts, and by discriminately 1. sending out the Notice of Nomination; 2. applying the waiver of good standing; and 3. giving access to membership list for these elections, defendants have deprived plaintiffs and union members of their rights in violation of Section 411(a)(1) of the LMRDA.

Wherefore, plaintiff prays that the Court enter the following relief against defendants:

1. Preliminarily and permanent relief restraining and enjoining defendants from violating plaintiffs' and union members' right to free speech under section 411(a) (2) of the LMRDA.

2. Preliminary and permanent relief restraining and enjoining the defendants from violating plaintiffs' and union members' right to be free from unlawful discipline under section 529 and 411(a) (5) of the LMRDA.

3. Preliminary and permanent relief restraining and enjoining the discipline imposed by Local 1877 against plaintiffs and union members including, but not limited to, the order holding them ineligible to hold office in 2009;

Complaint - 9

Case 4:09-cv-04865-SBA   Document 1   Filed 10/13/09   Page 10 of 11

4. An order preliminarily staying the discipline against plaintiffs and union members such that

defendants are required to place plaintiffs' and other union members' names on the ballot as

candidates for the office of President and executive board in an election to be conduct in 3 months for

the Court's order;

5. An Order directing defendants to compensate Plaintiffs for all lost wages due to

defendants' conduct, including, but not limited to, back pay and front pay;

6. An Order directing defendants to compensate plaintiffs for all lost benefits, including,

but not limited to, lost pension and medical benefits;

7. An Order directing defendants to pay plaintiffs compensatory damages, including, but

not limited to, damages for emotional pain, suffering, inconvenience, mental anguish, and loss of

enjoyment of life, in the maximum amount allowed by law;

8. An Order directing defendants to pay plaintiffs punitive damages in the maximum

amount allowed by law;

9. An Order directing defendants to pay plaintiffs prejudgment and post judgment

interest;

10. An Order directing defendants to pay plaintiffs' expert witness fees, attorneys' fees

and costs;

11. Other injunctive relief, including, but not limited to, an order requiring the defendants

to cease and desist violating plaintiffs' federally protected rights;

12. All other relief required to make plaintiffs whole or that is deemed appropriate by the

Court.

///

///

Complaint - 10

**JURY DEMAND**

Plaintiffs respectfully demand a trial by jury of all issues triable by a jury in this Complaint.

Dated: October 13, 2009

Respectfully submitted,

Siegel & Yee

By: _____
Jose Luis Fuentes

Attorneys for Plaintiffs
Amelia Medina, Doroteo Garcia, Laura
Plummer, Argelio Cordova, Oscar Alonzo, John
Gray, Jose Garcia, and Hector Rincon.

Complaint - 11